IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STEPHEN G. ERWIN                                                              PLAINTIFF

V.                          NO. 1:17-CV-00079 KGB-BD

SOCIAL SECURITY ADMINISTRATION                                    DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Mr. Erwin may file written objections to this Recommendation. If he files objections, they must be specific and must include the factual or legal basis for your objection.

Any objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Erwin may also waive any right to appeal questions of fact.

## I. Introduction:

On September 22, 2014, Stephen G. Erwin applied for disability benefits, alleging disability beginning July 1, 2012. (Tr. at 35) His claims were denied initially and upon reconsideration. *Id.* Mr. Erwin requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Mr. Erwin filed this case seeking judicial review of the decision denying his benefits. For the reasons explained below, the Court should affirm the decision of the Commissioner.

## II. The Commissioner's Decision:

The ALJ found that Mr. Erwin had not engaged in substantial gainful activity since the alleged onset date of July 1, 2012. (Tr. at 37) At step two of the five-step analysis, the ALJ found that Mr. Erwin had the following severe impairments: degenerative disc disease of the lumbar and cervical spine, migraine headaches, chronic left metatarsal fracture in the left foot, and hypertension. *Id.*

After finding that Mr. Erwin's impairments did not meet or equal a listed impairment (Tr. at 39), the ALJ determined that Mr. Erwin had the residual functional capacity ("RFC") to perform the full range of work at the light level with an additional limitation: he could only occasionally climb, balance, stoop, kneel, crouch, or crawl. (Tr. at 40)

The ALJ found that Mr. Erwin was unable to perform any past relevant work. (Tr. at 50) At step five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Mr. Erwin's age, education, work experience and RFC, he was capable of performing work in the national economy as a laminating machine off-bearer and a clerical order caller. (Tr. at 51-52) Thus, the ALJ held that Mr. Erwin was not disabled. *Id.*

## III. Discussion:

### A. Standard of Review

The court's role in this appeal is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). In this context, "substantial evidence" means "enough that a reasonable mind

would find it adequate to support he ALJ's decision." *Id*; *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In reviewing the decision, the Court must consider not only evidence that supports the Commissioner's decision, but also, evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B.  Mr. Erwin's Arguments on Appeal

In this appeal, Mr. Erwin contends the ALJ's decision to deny benefits is not supported by substantial evidence. He argues that he lacks the functional ability to perform light work, even with the added postural restrictions.

Mr. Erwin suffered from back and neck pain, and the ALJ recognized that this was a severe impairment. David Brightwell, a physician's assistant, examined Mr. Erwin in July of 2014, to address his complaints of pain in his back and extremities. (Tr. 421). At that time, Mr. Erwin had soft tissue swelling and muscle spasm, with a history of lumbar disc degeneration. *Id*. Pain was elicited with movement of the shoulders and the cervical and lumbar spine showed tenderness on palpation. (Tr. at 422) Neurological examination was normal. *Id*. No objective imaging was done at this office visit. Mr. Erwin was prescribed pain medication and was urged to exercise. A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

Mr. Erwin underwent a consultative medical examination with Terry Hansen, M.D., on December 13, 2014. (Tr. at 430) Mr. Erwin told Dr. Hansen that, although he had headaches and back pain, he had not had physical therapy, injections, or surgery. *Id*. Mr. Erwin said he was able to perform activities of daily living, with some pain. *Id*. Dr. Hansen noted that Mr. Erwin had an antalgic gait and could rise from a seated position, but he could not stand on heels or toes due to pain. (Tr. at 431) An x-ray of the left ankle showed a chronic fracture of the third metatarsal.[1] *Id*. X-rays of the lumbar spine were unremarkable. (Tr. at 432) Dr. Hansen found normal range of motion in the cervical spine, lumbar spine, and hips. (Tr. at 433) He opined that Mr. Erwin could sit, walk, and stand for six hours during a normal workday. (Tr. at 432) He said Mr. Erwin was moderately limited in the ability to lift and carry. *Id*.

Veronica Cannon, APRN, examined Mr. Erwin and observed tenderness in the cervical spine with full range of motion, but slow and stiff movements. (Tr. at 437) Mr. Erwin had a positive straight-leg raise. (Tr. at 437) Neurological exam was normal. *Id*. Ms. Cannon referred Mr. Erwin to pain management. *Id*.

Mr. Erwin saw Ronald Tilley, M.D., for pain management in May 2015. (Tr. at 481) Examination revealed that Mr. Erwin's cervical spine was grossly stable, but that his range of motion was reduced in all directions. (Tr. at 483) In fact, his range of motion in the lumbar spine was greatly reduced in all directions. (Tr. at 484) He had multiple trigger points in his head, neck, and trapezius. *Id*. Straight-leg raise was positive on the

---

[1] There are no further records detailing complaints of pain or treatment for the foot fracture.

left. *Id*.

Dr. Tilley noted that, because Mr. Erwin's conservative treatment had failed, he would try steroid injections. *Id*. After two steroid injections, Mr. Erwin said that he had 50 percent overall improvement in pain, with increased functionality for two-to-three weeks afterward. (Tr. at 494-497) Improvement in strength and diminished pain supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992).

Nurse Robin Kerr completed a medical source statement in July of 2015 regarding Mr. Erwin's cervical and lumbar spine impairments. (Tr. at 471) She opined that, due to back and neck pain, Mr. Erwin could not walk more than one city block and could sit and stand for only 15 minutes at a time. (Tr. at 473) She said he would need to take unscheduled breaks during the workday and would miss about four days of work per month. (Tr. at 475)

The ALJ properly gave little weight to the opinion of Ms. Kerr for several reasons. First, she is not an acceptable medical source, so her opinion is entitled to less weight. 20 C.F.R. §§ 404. 1527(e), 416.927(e); SSR 96-5p). Second, she only began seeing Mr. Erwin two months prior to the date she filled out the medical source statement, so she did not have a longitudinal history of Mr. Erwin's impairments. (Tr. at 374) And finally, her opinion runs counter to the opinion of Dr. Hansen, who included more support for his opinion, including objective results of clinical testing. Ms. Kerr's opinion of Mr. Erwin's limitations are extreme and do not find support in the medical record.

5

At a follow-up appointment with Dr. Tilley, in September 2015, Mr. Erwin reported that his medications were effective in relieving his pain, and he denied side effects. (Tr. at 498) A lumbar MRI revealed prominent degenerative disc change with mild spinal stenosis. *Id*. A cervical MRI showed disc bulges with moderate spinal stenosis and left foraminal stenosis. *Id*. But, Mr. Erwin reported that, with pain medication, he was able to perform activities of daily living. *Id*. In fact, he reported that he was able to work on an outside deck, fix meals, do dishes, clean house, drive, and shop in stores. (Tr. at 322-325, 524) Such daily activities undermine his claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003); *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Dr. Tilley advised conservative treatment and did not recommend surgery. (Tr. at 500) The need for conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Dr. Tilley noted that Mr. Erwin was making progress and that his pain was stable. (Tr. at 499) He advised Mr. Erwin to maintain normal activities. (Tr. at 46) Mr. Erwin's condition improved after he began treatment with Dr. Tilley.

The ALJ assigned an RFC for light work, with postural limitations. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations. An RFC must be based on credible evidence and must account for all credible impairments. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining a claimant's RFC, the ALJ must determine, by competent medical evidence, the physical and mental activity that the claimant could perform in a work setting, after giving

6

appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

Here, the RFC for light work incorporates the conclusions of the two state-agency medical consultants; and it aligns with Dr. Hansen's opinion that Mr. Erwin could sit, stand, and walk for six hours per day. (Tr. at 150, 177) The RFC included postural limitations, which factored in the mild-to-moderate objective findings and Mr. Erwin's complaints of pain, as well as some of the limitations described by Ms. Kerr. While Mr. Erwin argues that the RFC should have provided for only sedentary work, the conservative nature of his treatment and positive response to treatment, coupled with improvement over time, do not indicate that light work was precluded. No doctor placed a functional restriction on Mr. Erwin, and no doctor issued an opinion that limited him to sedentary work. A lack of physician-imposed restrictions may serve as a reason to discredit a claimant's credibility. *Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003). In fact, Mr. Erwin's physicians urged him to maintain normal activities and exercise. The RFC for light work incorporated all of Mr. Erwin's limitations.

The Court notes that Mr. Erwin had migraine headaches in addition to his back pain, but in his brief, he admits headache symptoms would not have an impact on the RFC for light work. (Pl. Br. at 12) Moreover, multiple neurological exams were normal, and by August 2015, Mr. Erwin rated his headaches as only 4 on a 10-point severity scale. (Tr. at 458) He also said that naproxen helped with his headaches. *Id*. Mr. Erwin did not see a headache specialist and was treated only with medication. Ms. Kerr suggested that headaches limited Mr. Erwin, but her opinion was properly given little

weight. Mr. Erwin's headaches provide a basis to question the finding that Mr. Erwin could perform light work.

## IV. **Conclusion**:

There is substantial evidence to support the Commissioner's decision that Mr. Erwin was not disabled. The RFC incorporated all of Mr. Erwin's credible limitations. The decision, therefore, should be affirmed and the case should be dismissed, with prejudice.

DATED this 5th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE